Aroh Steuer, J.
The question on this application is whether respondent, Rent Commissioner, has been arbitrary in his determination that the apartment in question is not subject to decontrol. The premises were originally a private house and at the time petitioner took title were unoccupied. The portion involved had, however, been registered with the Federal Rent Control Authorities as one room and a bathroom. Petitioner made certain alterations the material part of which was the conversion of a closet in the room into a kitchénette.
The first question is whether such an alteration entitles petitioner to decontrol under section 11 of the State Rent and Eviction Regulations. This section requires respondent to decontrol housing accommodations where there has been “ a structural change in a residential unit or units involving substantial altera *679 tions or remodeling; and snch change has resulted in additional housing accommodations consisting of self-contained family units The section defines a self-contained family unit as “ a housing accommodation with private access, containing one or more rooms in addition to a kitchen (including kitchenette or pullman kitchen) and a private bathroom.”
The alteration in question qualifies as creating additional housing accommodations. There was no self-contained family unit as defined by the regulation before the alteration and there is one now. It is immaterial that the space accommodated one family before and one now. The test is whether it provided a family unit as defined by the section.
But that is not the sole test. In addition, the family unit must have been created through the medium of a substantial alteration or remodeling. Definitions of structural change gathered from interpretations of leases and the like are not significant in this connection because the statute says what it means by a structural change, namely, one that involves creation of one or more new family units by means of substantial alterations or remodeling. What is a substantial alteration is in the first instance a matter for the respondent to decide and by familiar rules his determination becomes final if it is not arbitrary.
Here respondent’s conclusion is somewhat obscured by the fact that it is placed partly on the ground that no new family unit was brought into existence. Despite the error in that respect the fact remains that it was also placed on the absence of a substantial alteration. As to that the question is not so free from doubt as to warrant interference.
Petitioner presents other questions, but its failure to prevail on this one makes decision unnecessary.
Motion denied.